ALFRED SCALZO, as Guardian ad Litem of MARY J. SCALZO, an Infant, Respondent, v. JOSEPH H. VINCENT et al., Defendants, and MICHAEL J. ARGY, Doing Business as "NIAGARA FALLS COACH LINES", et al., Appellants. ALFRED SCALZO, Respondent, v. JOSEPH H. VINCENT, et al., Defendants, and MICHAEL J. ARGY, Doing Business as "NIAGARA FALLS COACH LINES", et al., Appellants.—

Memorandum: Both complainants allege that the defendant Bernadette T. Argy was the owner of a bus, which was leased to the defendant Michael J. Argy; that Michael J. Argy had contracted with the trustees of School District No. 3, Town of Niagara to transport school children from the school to their homes; that on June 4, 1951, the infant plaintiff was a passenger on the bus which was operated by Thomas Argy in the business of Michael Argy "pursuant to the terms and provisions of the contract"; that said infant "was discharged" from the bus, and while she was upon the highway was "struck by the automobile of the defendant Grace S. Vincent." The defendant Bernadette T. Argy was not a party to the contract with the trustees and was not the employer of Thomas Argy, the bus driver, consequently she was not liable for any negligence of Michael or Thomas Argy at common law. Under such circumstances she cannot be held liable unless the statute (Vehicle and Traffic Law, § 59) is applicable. That section makes the owner of a motor vehicle which is being "operated" upon a public highway liable for injuries "resulting from negligence in the operation of such motor vehicle". Here, if there was negligence on the part of Thomas Argy, it was not in the "operation" of the bus and the complaints must be dismissed as against the defendant Bernadette T. Argy. The allegations of both complaints, as we read them, attempt to set up causes of action in both negligence and contract; if this is the intention of the pleader the causes of action in contract and negligence should be separately stated and made more definite and certain; if only causes of action in negligence are intended the amended complaint should merely allege the contract with the school district and the negligent acts of the defendants Michael Argy, Thomas Argy, Grace S. Vincent and Joseph H. Vincent. The terms of the contract between the school district and Michael Argy are evidentiary, if admissible, and should not be alleged at length in the complaints. All concur. (Appeal from order denying the motion by defendants Argy to dismiss the complaints, to strike out allegations in each of the complaints, and to compel plaintiffs to separately state and number.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.