■ FRANK FROLISH, Appellant, v RYDER TRUCK RENTAL, INC., Respondent.—Appeal from two orders of the Supreme Court, entered May 4, 1977 in Saratoga County, which (1) denied plaintiff's motion for summary judgment, and (2) granted defendant's motion to dismiss the complaint. Plaintiff commenced an action against defendant Ryder as the owner and lessor of a truck that was involved in an assault incident when employees of the lessee of the vehicle physically beat the operator of an automobile after both vehicles had pulled off the highway. Four other defendants were named in the complaint. All five were served with process. Only defendant Ryder appeared. After severing the action against Ryder, plaintiff obtained and entered a default judgment against all the nonappearing defendants. Thereafter, plaintiff moved for summary judgment against Ryder alleging the default judgments were binding on Ryder under the principles of *res judicata* and collateral estoppel. After the motion was denied, plaintiff made a recorded opening to a jury. Ryder moved to dismiss the complaint on plaintiff's opening. The motion was granted. This appeal is from both orders. The orders must be affirmed. Since CPLR 3215 (subd [a]) requires an order of severance when a default judgment is entered against less than all defendants, it is clear that Ryder was not a party to the action in which the default judgment was entered *(Neenan v Woodside Astoria Transp. Co.,* 261 NY 159), nor can it be said that Ryder, as a nonparty, substantially controlled the litigation before the severance so as to require the court to visit the consequences of the first proceeding upon Ryder under the theory of *res judicata* or collateral estoppel. Further, Ryder, as a severed party, did not have a fair and full opportunity to contest the decision in the first proceeding *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). While motions for complaint dismissal upon recorded openings should

be guardedly granted, we cannot say the trial court erred in this instance. Plaintiff's injuries were sustained as the result of an assault upon his person, on his premises off the highway. The injuries were not proximately caused by the negligent use or operation of the Ryder truck (cf. *Arcara v Moresse,* 258 NY 211, 215; *Scalzo v Vincent,* 279 App Div 1141; Vehicle and Traffic Law, § 388). Orders affirmed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Larkin and Herlihy, JJ., concur.