James C. Horney et al., Appellants-Respondents, v Tisyl Taxi Corp. et al., Respondents-Appellants.

First Department, April 26, 1983

### APPEARANCES OF COUNSEL

*Victor Bleiwas* and *Lewis I. Wolf* of counsel (*Konheim, Halpern, Bleiwas & Greenberg,* attorneys), for Tisyl Taxi Corp., respondent-appellant.

*Melvin Pasternack* for Andrion Del Valle, respondent-appellant.

*Lawrence H. Levinson* for appellants-respondents.

### OPINION OF THE COURT

Silverman, J.

These are cross appeals from a judgment of the Supreme Court in favor of plaintiff James C. Horney, after jury trial,

for $15,670 ($15,000 plus interest and costs), and from an order denying said plaintiff's application to "correct" the judgment to $70,000.

Plaintiff was a passenger in a taxicab owned by defendant Tisyl Taxi Corp. and operated by defendant Andrion Del Valle. Defendant Tisyl contends that Del Valle was not its employee but rather the lessee of the taxicab.

Because the driver Del Valle objected to plaintiff's desire to smoke a cigar in his cab, plaintiff got out of the cab and at first refused to pay the 90¢ which had been rung up on the meter. The driver got out to demand the fare. Rude words were exchanged about the tip, and it is plaintiff's contention that the driver struck plaintiff, and that plaintiff fell and suffered severe injuries. The driver denied striking plaintiff and testified that plaintiff struck him, and that plaintiff stumbled, presumably thus causing his own injuries. The case was submitted to the jury on a comparative negligence theory; the jury found plaintiff 45% culpable and the driver 55% culpable. The jury also found plaintiff James C. Horney's total damages to be $15,000 for pain and suffering and $55,000 for loss of earnings, for a total of $70,000. (The jury found no damage suffered by Mrs. Lillian Horney on her derivative cause of action. Although a notice of appeal was served on her behalf, this branch of the appeal is not argued in the briefs and must be deemed abandoned. Further reference to "plaintiff" refers to plaintiff James C. Horney.) Holding that the case was covered by the No-Fault Insurance Law, the court struck the $55,000 loss of earnings recovery, presumably under subdivision 1 of section 673 of the Insurance Law, and directed the entry of judgment in favor of plaintiff against both defendants for $15,000, with interest and costs.

### 1. SECTION 388 OF THE VEHICLE AND TRAFFIC LAW

■ There was testimony that the driver was not Tisyl's employee but rather only a lessee. Defendant Tisyl could be liable on a *respondeat superior* theory only if the jury found that the driver was an employee of Tisyl acting in the scope of his employment. The court, however, did not submit this issue to the jury. Instead, the court, over objection, ruled as a matter of law that "this entire incident, the whole series of occurrences, fall within the provi-

sion of the motor vehicle law." By this, it is clear that the court meant that the case fell within section 388 of the Vehicle and Traffic Law, which imposes on every owner of a vehicle liability for injuries "resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise," by any person using or operating the vehicle with the owner's permission. In this the court was in error. The injury to plaintiff did not result from "negligence in the use or operation" of the automobile. There was no physical contact between the automobile and plaintiff. Accepting plaintiff's version, plaintiff was struck by the driver in a fist fight on the street outside the vehicle. "Not every injury occurring in or near a motor vehicle is covered by the phrase 'use or operation'. The accident must be connected with the use of an automobile *qua* automobile * * * Where the operation or driving function of an automobile or the condition of the vehicle itself is not the proximate cause of the injury, the occurrence does not arise out of its use or operation * * * The fact that the plaintiff was injured by an assault while riding as a passenger does not bring the claim within coverage since the use of the motor vehicle must be the proximate cause of plaintiff's injuries to come within the ambit of the 'use or operation' clause". (*United Servs. Auto. Assn. v Aetna Cas. & Sur. Co.,* 75 AD2d 1022; accord *Scalzo v Vincent,* 279 App Div 1141; *McConnell v Fireman's Fund Amer. Ins. Co.,* 49 AD2d 676, 677.)

Thus the judgment against defendant Tisyl based on the erroneous application of section 388 of the Vehicle and Traffic Law cannot stand. But as it may be that plaintiff can establish that the injury was caused to plaintiff in the scope of the driver's employment by Tisyl, a new trial is required at least as to that issue against defendant Tisyl.

The error in the application of section 388 of the Vehicle and Traffic Law of course did not hurt the individual defendant Del Valle. He was held responsible not as the owner of the vehicle but as the person who committed the assault.

### 2. NO-FAULT INSURANCE LAW

The No-Fault Insurance Law exempts covered persons from certain liabilities "for personal injuries arising out of

negligence in the use or operation of a motor vehicle". (Insurance Law, § 673, subd 1.) Thus the test of applicability of the no-fault law to an incident is the same as that for applicability of section 388 of the Vehicle and Traffic Law. (See *McConnell v Fireman's Fund Amer. Ins. Co., supra*, at p 677.) And that law is inapplicable to the present case. (See *Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson]*, 98 Misc 2d 657, affd 71 AD2d 1004.) Therefore, the court erred in striking the recovery for loss of earnings on the basis of the applicability of the No-Fault Insurance Law; and plaintiff was not required to allege a "serious injury" under CPLR 3016 (subd [g]).

### 3. NEGLIGENCE OR ASSAULT

The most basic error committed below was that the court submitted the case to the jury as a negligence case rather than an assault case. The court submitted the primary issue as whether defendant was "negligent in the use and operation of the taxicab". And the court defined negligence as lack of ordinary care, etc. Nowhere did the court discuss assault. As we have indicated, whatever defendant Del Valle did, it was not "in the use and operation of the taxicab"; and what he did may have been an assault, but it was not negligence — "lack of ordinary care".

No doubt the jury knew that this was not a conventional automobile accident case, but they were given no instructions as to the law of assault. Thus, so far as appears, the jury was left to decide this case on this most important issue essentially on the basis of their own feeling of right and wrong with no statement as to the rules of law which were to guide them.

Although no one has objected to the submission of the case on a negligence theory rather than an assault theory, the error is so fundamental that we cannot let the verdict stand. "[W]here the error is so fundamental as to preclude consideration of the central issue upon which the claim of liability is founded, the court may, in the interests of justice, proceed to review the issue even in the absence of objection or request". (*Rivera v Bronx-Lebanon Hosp. Center*, 70 AD2d 794, 796.)

Accordingly, we order a new trial on all issues as to the case of plaintiff James Horney.

The judgment of the Supreme Court, New York County (INGELHART, J.), entered April 30, 1982 is modified on the law and the facts to the extent of reversing and vacating the judgment in favor of plaintiff James Horney, and ordering a new trial as to the claims of said plaintiff against both defendants, and the judgment is otherwise affirmed, with costs to abide the event of said new trial.

The appeal from the order of the Supreme Court, New York County (INGELHART, J.), dated March 15, 1982, entered September 2, 1982, denying plaintiff's motion to vacate and modify, or in the alternative to correct, the judgment and transcript, is dismissed, without costs, as moot in view of the foregoing determination.

SANDLER, J. P., CARRO, FEIN and KASSAL, JJ., concur.

Judment, Supreme Court, New York County, entered on April 30, 1982, unanimously modified, on the law and the facts, to the extent of reversing and vacating the judgment in favor of plaintiff James Horney, and ordering a new trial as to the claims of said plaintiff against both defendants, and the judgment otherwise affirmed, with costs to abide the event of said new trial, and the appeal from the order of said court entered on September 2, 1982, unanimously dismissed, without costs and without disbursements, as moot in view of the foregoing determination.