■ GANVEY MERCHANDISING CORP., Appellant, v KNUDSEN ELEVATOR CORP., Respondent.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered May 17, 1990, which denied plaintiff's motion for a default judgment and granted defendant's motion for an extension of time to serve an answer, unanimously affirmed, without costs.

The IAS court properly exercised its discretion in excusing defendant's 13-month delay in answering the complaint. Upon receiving service of the complaint, defendant Knudsen properly presented the complaint to its insurance broker, who presented the details to the insurance company's designated claims company, which in turn assigned defense of the claim to the law firm of Johnston & McShane, P. C. Shortly after this assignment, the law firm discontinued its representation of the defendant and returned the file in the matter to the claims adjuster. Unbeknownst to the law firm, defendant's carrier had replaced its original claims adjuster with a new adjuster. Without apparent fault on defendant's own part, the complaint was not answered until defendant was personally served with an order to show cause why a default judgment should not be entered. Under these circumstances, we find

defendant's claim of inadvertent error on the part of its insurance agents to provide a reasonable excuse for its delay in answering. *(See, Murphy v D. V. Waste Control Corp.,* 124 AD2d 573.)

We further find that defendant's verified answer, which was submitted in support of its cross motion and which contains specific denials of certain paragraphs of the complaint and asserts two affirmative defenses, constitutes a sufficient statement of merits. *(See, Elgart v Raleigh Hotel Corp.,* 115 AD2d 165.)* Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Smith, JJ.