■ DAVID SMITH, an Infant, by His Father and Natural Guardian, HERBERT SMITH, et al., Respondents, v PROFESSIONAL PAINTING, INC., et al., Defendants, and JAY BRODY, Appellant. [608 NYS2d 641] —Order and judgment, Supreme Court, Richmond County (Edward Amann, Jr., J.), entered on or about November 14 and November 27, 1991, respectively, which, *inter alia,* granted plaintiff's motion pursuant to CPLR 5043 (b) and vacated a judgment of the same court and Justice entered after trial on or about September 24, 1991, and awarded judgment in favor of plaintiff, finding defendants Professional Painting and Primiani 50% responsible and defendant Jay Brody 50% responsible for plaintiff's injuries and damages of $400,000 for past pain and suffering and $700,000 for future pain and suffering, unanimously affirmed, with costs. Appeal from the September 24th judgment is dismissed as superceded by the appeal from the above judgment.

In light of, *inter alia,* the testimony of plaintiff, his father and two of his treating physicians, it cannot be said that the jury unreasonably concluded that defendant Brody negligently parked his vehicle and proximately caused plaintiff's injuries *(see, Ferrer v Harris,* 55 NY2d 285, 293-294). We also note that the damages awarded to plaintiff do not materially deviate from what would be reasonable under similar circumstances. (CPLR 5501 [c].) Finally, a missing witness charge was unnecessary with regard to plaintiff's mother as her testimony would have been cumulative to that of the plaintiff and the father *(see, Lipp v Saks,* 129 AD2d 681, 684).

We have considered all other claims and find them to be without merit. Concur—Rosenberger, J. P., Ross, Asch, Rubin and Tom, JJ.