■ CECILIA M. JOHNSON, Appellant, v MARRIOTT MANAGEMENT SERVICE CORP. et al., Respondents. [692 NYS2d 52] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered March 2, 1999, denying plaintiff's motion pursuant to CPLR 3215 for entry of a default judgment against defendant Stuart McLeod, and for an inquest and assessment of damages, unanimously affirmed, with costs.

Although the Marriot defendants timely interposed an answer to plaintiff's complaint setting forth 12 affirmative defenses, they did not answer the complaint on behalf of their employee, individual defendant McLeod, for whom they are answerable in the action (*see,* Vehicle and Traffic Law § 388), because they were not aware that he had been served with process. However, in response to this motion for entry of judgment against McLeod, the Marriot defendants have submitted a proposed verified answer for McLeod setting forth seven affirmative defenses to the action. The proposed, duly verified responsive pleading on McLeod's behalf set forth, to the extent necessary, a meritorious defense to the action (*see, Ganvey Merchandising Corp. v Knudsen El. Corp.,* 169 AD2d 518; *Meyer v Rose,* 160 AD2d 565). In any event, in circumstances such as these in which the employer bearing ultimate responsibility for the acts of its employee timely answers the complaint

and in response to the plaintiff's CPLR 3215 motion demonstrates that its failure to timely answer the complaint on behalf of its employee was due to the circumstance that it had not been apprised of the action against the employee, a personal affidavit of merit from the employee may be dispensed with as a condition of denying the motion for a default judgment against the employee (*see, Vines v Manhattan & Bronx Surface Tr. Operating Auth.*, 162 AD2d 229). Concur—Nardelli, J. P., Williams, Wallach, Lerner and Andrias, JJ.