■ EDGAR L. HOLT, Respondent, v ROBERT M. HOLT et al., Defendants, and CHAMPION MORTGAGE Co., INC., et al., Appellants. [692 NYS2d 451] —In an action to set aside a conveyance of real property and a mortgage upon that property, the defendants Champion Mortgage Co., Inc., and Champion Mortgage Servicing Corp., appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated March 6, 1998, which denied their motion to strike the plaintiff's note of issue for an inquest against defaulting defendant Robert Maurice Holt.

Ordered that the order is affirmed, without costs or disbursements.

CPLR 3215 (a) requires that when a default judgment is taken against fewer than all of the defendants, the action is severed as against the remaining defendants (*see, Frolish v Ryder Truck Rental,* 63 AD2d 799). The judgment obtained by the plaintiff as against the defaulting defendant is not entitled to collateral estoppel effect against the nondefaulting defendants who would otherwise be denied a full and fair opportunity to litigate issues of liability (*see, Woodson v Mendon Leasing*

*Corp.,* 259 AD2d 304; *Frolish v Ryder Truck Rental, supra*). Thus, in the instant case, the Supreme Court properly denied the appellants' motion which sought, in effect, to preclude the plaintiff from obtaining a default judgment against the nonappearing defendant. Notwithstanding the default judgment obtained by the plaintiff against one of the parties who allegedly perpetrated the fraud that induced the plaintiff to convey the subject property, the plaintiff must still meet his burden of proving, over the appellants' defense, that their mortgage should be set aside as a consequence of the alleged fraud (*see, S.D.I. Corp. v Fireman's Fund Ins. Cos.,* 208 AD2d 706; *Firedoor Corp. v Merlin Indus.,* 86 AD2d 577). S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.