■ DAVID M. BOUCHARD, Respondent-Appellant, v CANADIAN PACIFIC, LTD., et al., Appellants, and BARBARA DENNIS, Respondent. [700 NYS2d 540] —Cardona, P. J. Appeal from an order of the Supreme Court (Keegan, J.), entered January 21, 1999 in Albany County, which granted a motion by defendant Barbara Dennis for summary judgment dismissing the complaint against her and denied a motion by defendants Canadian Pacific, Ltd. and Delaware and Hudson Railway Company, Inc. for summary judgment dismissing the complaint against them.

On March 19, 1996, plaintiff, was employed by the City of

---

2. The record reflects that the conduct complained of had been going on for years before plaintiff made a complaint.

Cohoes in Albany County as a laborer working on a sanitation truck. The driver of the truck attempted to make a right turn from Newark Street onto Remsen Street but was unable to do so because the way was blocked by a parked car owned by defendant Barbara Dennis, which had allegedly been illegally parked by Thomas Dennis. At that place, railroad tracks owned by defendant Delaware and Hudson Railway Company, Inc., a wholly owned subsidiary of defendant Canadian Pacific, Ltd. (hereinafter collectively referred to as Canadian Pacific), cross Newark Street and the driver stopped the vehicle on the tracks. The crossing gates became activated (although no train was approaching) and the driver began to back the garbage truck off the tracks. Plaintiff jumped down from his position at the rear passenger side of the truck to signal the driver in an attempt to aid him as he backed off the tracks. Plaintiff sustained injuries when the crossing arm became disconnected from its post and struck him. It is not known whether the truck struck the crossing gate post or whether the crossing arm, which had a history of malfunctions causing it to descend in the absence of an approaching train, descended, struck the truck and broke apart, injuring plaintiff.

Plaintiff commenced this action to recover damages for his injuries and following joinder of issue, the respective defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion submitted by Dennis, concluding that the injury to plaintiff did not arise out of the use or operation of the Dennis vehicle. The motion for summary judgment by Canadian Pacific was denied since the court determined that unresolved issues of fact existed as to whether it was negligent in its maintenance of the railway crossing gate.

On this appeal, Canadian Pacific contends that it was entitled to judgment as a matter of law because the injury that plaintiff suffered was not reasonably foreseeable and, thus, no duty was owed to plaintiff. In the alternative, Canadian Pacific argues that even if it did owe a duty, there was no breach. Plaintiff counters that numerous issues of fact exist.

It is well settled that a "railroad has a duty to maintain the gates it erects at crossings in a reasonably safe operating condition" (*Baumann v Long Is. R. R.*, 110 AD2d 739, 740; *see, Ludlam v Guilford Transp. Indus.*, 145 AD2d 860, 862, *lv denied and dismissed* 74 NY2d 733; *see also,* Railroad Law §§ 52, 53). As for Canadian Pacific's contention that it breached no duty to plaintiff, we note that "whether a breach of duty has occurred depends upon whether the resulting injury was a rea-

sonably foreseeable consequence of the defendant's conduct" (*Bahan v Green Bus Lines*, 96 AD2d 876, *affd* 61 NY2d 922; *see, Danielenko v Kinney Rent A Car*, 57 NY2d 198, 204). In this regard, it is significant to note that plaintiff was not required to demonstrate that the precise manner in which the accident happened was foreseeable (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315; *Bahan v Green Bus Lines, supra*, at 876) and that "questions concerning what is foreseeable and what is normal may be the subject of varying inferences" (*Derdiarian v Felix Contr. Corp., supra*, at 315).

Here, although there is proof that Canadian Pacific routinely inspected the subject gate and found it to be in good working order prior to the incident, evidence also exists indicating numerous complaints with respect to the malfunctioning of the gate in that it was activated for no apparent reason on other occasions. While there is some suggestion that the gate might have been activated due to circumstances other than negligent maintenance, under all the circumstances we find that plaintiff met its prima facie burden of establishing Canadian Pacific's negligence by raising an inference that the risk of injury was a foreseeable consequence of its failure to correct the malfunctioning crossing arm after repeated warnings of its improper functioning. Since it cannot be said that the injuries suffered by plaintiff were unforeseeable as a matter of law, Supreme Court correctly concluded that issues of fact precluded a grant of summary judgment.

With respect to Canadian Pacific's application for summary judgment dismissing so much of plaintiff's complaint as is predicated on the doctrine of res ipsa loquitur, we need only note that issues of fact exist concerning the elements of that doctrine and, therefore, a determination as to whether it should be charged to the jury should be reserved until the close of the proof at trial.

We turn next to Barbara Dennis' motion for summary judgment dismissing the complaint based upon a repudiation of plaintiff's theory, though not specifically pleaded, that she is vicariously liable for his injuries under Vehicle and Traffic Law § 388 (1). This subdivision provides that an owner of an automobile can be held "liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle * * * by any person using or operating the same with the permission, express or implied, of such owner" (Vehicle and Traffic Law § 388 [1]). Supreme Court found that "the test of applicability of the [State's] no-fault law [Insurance Law article 51] is the same for the applicability of

Vehicle and Traffic Law § 388" and, therefore, relied on "decisions where the courts have critically analyzed whether the vehicle was being 'used or operated' within the meaning of the Insurance Law" (citing *Horney v Tisyl Taxi Corp.*, 93 AD2d 291, 293-294). More recently, the Court of Appeals has observed that since these statutes have different purposes, they should not be interpreted identically on the issue of whether the vehicle itself must be the instrumentality or a proximate cause of the injury, concluding that for purposes of the no-fault law it must be, but for purposes of Vehicle and Traffic Law § 388 (1) it need not be (*see, Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554). As a consequence, the Court of Appeals held that the loading and unloading of a vehicle constitutes use or operation within the meaning of Vehicle and Traffic Law § 388 (1) (*see, id.*, at 558).

Not addressed in that decision is the issue presented in this case—whether the owner of a negligently parked motor vehicle alleged to be a substantial cause of an accident can be held liable to an injured party under Vehicle and Traffic Law § 388 (1). Stated another way, does "the use or operation" of a motor vehicle under Vehicle and Traffic Law § 388 (1) include a negligently parked, unoccupied vehicle. We note that the Court of Appeals, in interpreting Vehicle and Traffic Law § 388 (1), has stated that "the statute has not been limited to situations where the vehicle is in motion" (*Argentina v Emery World Wide Delivery Corp., supra*, at 559). Furthermore, owner-operators have been held liable for injuries proximately caused by their negligently parked motor vehicles (*see, e.g., Ferrer v Harris*, 55 NY2d 285; *Smith v Professional Painting*, 202 AD2d 263; *O'Connor v Pecoraro*, 141 AD2d 443).

Here, the record contains evidence that the Dennis vehicle was illegally parked in a manner that obstructed the garbage truck's maneuverability. It certainly may be argued that but for the negligent parking of the vehicle and Dennis' conduct in permitting its use, this accident would not have happened (*see, Argentina v Emery World Wide Delivery Corp., supra*, at 559-560). Under these circumstances, we believe that it is logical and within the "primary legislative objective" of Vehicle and Traffic Law § 388 (1) (*id.*, at 559-560) that plaintiff have recourse against Dennis as a financially responsible owner. Furthermore, in our opinion, the act of negligently parking the vehicle constituted use or operation within the meaning of Vehicle and Traffic Law § 388 (1) (*cf., Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, *supra*). Accordingly, we reverse that part of Supreme Court's order which granted summary judgment dismissing the complaint against Dennis.

Yesawich Jr. and Peters, JJ., concur.

Mugglin, J. (concurring in part and dissenting in part). We concur in that portion of the majority decision which affirms the denial of the motion for summary judgment made by defendants Canadian Pacific, Ltd. and Delaware and Hudson Railway Company, Inc., but we respectfully dissent from that portion of the majority decision which reverses the grant of summary judgment in favor of defendant Barbara Dennis dismissing the complaint against her.

It would appear that the precise issue herein—whether an unoccupied, illegally parked vehicle is being used or operated within the meaning of Vehicle and Traffic Law § 388 (1)—has not heretofore been addressed by the appellate courts of this State. We agree with the majority that this precise issue is not addressed in *Argentina v Emery World Wide Delivery Corp.* (93 NY2d 554). Therefore, we would agree with Supreme Court's observation that reference to cases which have answered this question pursuant to the no-fault law is instructive (*see, Horney v Tisyl Taxi Corp.*, 93 AD2d 291, 293-294). We would therefore hold that an unoccupied, illegally parked car is not being used or operated so as to make the owner thereof vicariously liable. To hold otherwise would "attenuate the concept of use indefinitely" (*Breen v Cunard Lines S. S. Co.*, 33 NY2d 508, 511) and, in our view, render the phrase "use and operation" meaningless for all practical purposes.

Mikoll, J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant Barbara Dennis' motion for summary judgment dismissing the complaint against her; said motion denied; and, as so modified, affirmed.