OPINION OF THE COURT
Margaret Cammer, J.
This summary judgment motion raises novel issues brought *896 on by a novel set of procedural circumstances, as shall be outlined below. The question presented is whether liability can be statutorily imposed upon the owner of a vehicle where the owner has appeared and contested liability and a default judgment has been granted against the driver. Under the facts presented here, the court is compelled to hold that it can.
Plaintiff seeks to recover damages for injuries sustained by him on April 2, 1998 in a motor vehicle accident with a truck operated by defendant Nathaniel Brown (Brown) and owned by his employer, defendant T.W. Smith Corp. (Smith Corp.). Smith answered the complaint. For inexplicable and unfathomable reasons, no answer was interposed on behalf of Brown.
In a prior motion béfore the Honorable Edward M. Rappaport, plaintiff moved for partial summary judgment against Smith Corp. and for a default judgment against Brown pursuant to CPLR 3215. In his decision dated December 20, 1999,[1] Justice Rappaport denied summary judgment against Smith Corp.,[2] granted a default judgment against Brown, but ordered that damages be assessed at the time of trial.
Plaintiff, once again, moves for partial summary judgment against Smith Corp. based now upon the grounds that under Vehicle and Traffic Law § 388, Smith Corp., as the owner of the truck, is statutorily liable for the negligence of its driver, Brown, whose negligence has been decided as a matter of law by virtue of the default judgment ordered by Justice Rappaport. For the reasons that follow, the motion is granted.
A default judgment is entitled to res judicata and collateral estoppel treatment (Siegel, NY Prac §§ 293, 451 [2d ed]). Accordingly, the issue of Brown’s negligence is conclusive as a matter of law.
*897 Vehicle and Traffic Law § 388, as relevant, states: “Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.”
Under common law, an owner of a motor vehicle who merely permits another to drive his automobile would not be liable for negligence of the driver except under the theory of respondeat superior or agency (see, Plath v Justus, 28 NY2d 16, 20; Rolfe v Hewitt, 227 NY 486).[3] Vehicle and Traffic Law § 388 was enacted to change this common-law rule and to impose liability upon the owner of a vehicle “for the negligence of a person legally operating the car with the permission, express or implied, of the owner” (Gochee v Wagner, 257 NY 344, 346, overruled by Kalechman v Drew Auto Rental, 33 NY2d 397). The statute thus created vicarious liability where no liability previously existed (Gochee v Wagner, supra, at 347) and its enactment was designed to ensure access by injured persons to “a financially responsible insured person against whom to recover for injuries” (Plath v Justus, supra, 28 NY2d, at 20; see, MVAIC v Continental Natl. Am. Group Co., 35 NY2d 260, 264). The liability of an owner, such as Smith Corp., does not rest on any claim that he was himself guilty of negligence resulting in the damages sustained by the plaintiff but arises solely by virtue of the statute. In other words, the driver’s liability is grounded in common law and the owner’s liability, by statutory enactment. The owner’s statutory liability under Vehicle and Traffic Law § 388 is analogous to that of the master for the negligent acts of his servant under the doctrine of respondeat superior (Plath v Justus, supra, 28 NY2d, at 20; Good Health Dairy Prods. Corp. v Emery, 275 NY 14).
Thus, a determination of negligence on the part of driver Brown necessarily requires truck owner Smith Corp. to compensate plaintiff for all injury resulting from it. While the Court of Appeals has held that a defendant whose liability is purely vicarious under Vehicle and Traffic Law § 388 may bring a third-party action against, and seek contribution from, another vehicle owner (Mowczan v Bacon, 92 NY2d 281), no such *898 action has been commenced here. A trial on the issue of liability is, therefore, unnecessary.
Although the result is troubling, the statute, coupled with the procedural posture of this case, provides no alternative other than a determination of absolute liability. The absence of an interposition of a defense on Brown’s behalf sets this case apart from Johnson v Marriott Mgt. Serv. Corp. (262 AD2d 141 [1st Dept 1999]), where a much different result was achieved. In Johnson, plaintiff, too, moved for a default against the corporate defendants’ employee/driver and sought an inquest and assessment of damages. The corporate defendants timely interposed an answer setting forth 12 affirmative defenses. However, they did not answer the complaint on behalf of their employee, the defendant driver, for whom they were answerable in the action pursuant to Vehicle and Traffic Law § 388, because they were not aware that he had been served with process. However, in response to the motion for entry of judgment against the employee/driver, the corporate defendants submitted a proposed verified answer for their employee setting forth seven affirmative defenses to the action. The Court held that the proposed, duly verified responsive pleading on the employee’s behalf set forth, to the extent necessary, a meritorious defense to the action. The Court also held that, in any event, where the employer bearing ultimate responsibility for the acts of its employee timely answers the complaint and demonstrates that its previous failure to do so was because it was unaware of the action against the employee, a personal affidavit of merit from the employee may be dispensed with as a condition of denying the motion for a default judgment against the employee (Johnson v Marriott Mgt. Serv. Corp., 262 AD2d 141, supra; see also, Vines v Manhattan & Bronx Surface Tr. Operating Auth., 162 AD2d 229).
Here, Smith Corp. never answered on behalf of its employee Brown. Having failed to take such action, the default judgment against Brown previously granted by the court effectively precludes Smith Corp. from contesting the issue of liability.
Although the issue of liability is conclusive, not so the issue of damages. Accordingly, the parties are directed, if necessary, to proceed with disclosure as to the issue of damages. If disclosure is complete, plaintiff is directed to file a note of issue. The action against Brown is severed, and the inquest and assessment of damages shall abide the trial on the issue of damages.

. The actual date written on the handwritten decision and order is the “20 day of December 199” with the last digit mistakenly omitted.

. Plaintiff stated, in his affidavit in support of his motion for summary judgment against Smith Corp., that on April 2, 1998, at about 8:00 a.m. during rush hour traffic, on the westbound side of the Triboro Bridge, approximately 1,000 feet from the toll plaza on one of the EZ Pass lanes, a limousine on his left side cut into his lane in front of him. As a result, plaintiff had to stop suddenly. He further stated that while he had been stopped for a few seconds, defendants’ vehicle struck plaintiff’s car with great force. Smith Corp., in opposition to that motion, successfully argued, based upon plaintiffs own affidavit and based upon statements of the defaulting Brown (who was no longer its employee) in accident reports kept in the usual course of Smith Corp.’s business, that questions of fact regarding the circumstances engendered by the limousine changing lanes precluded the granting of summary judgment.

. Although plaintiff now seeks summary judgment on grounds based only upon Vehicle and Traffic Law § 388, it would appear that, based on his default judgment, Brown, as an employee of Smith Corp., would impart liability to his employer under the doctrine of respondeat superior as well.