■ RODNEY L. WATROUS, as Parent and Guardian of BENJAMIN WATROUS, an Infant, et al., Appellants, v ANTHONY AUTERA, Defendant, and CAROL VELLUCCI, Respondent. [726 NYS2d 595] —Mugglin, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered June 16, 2000 in Washington County, which denied plaintiffs' motion for summary judgment directing that defendant Carol Vellucci reconvey certain real property.

As a result of defendant Anthony Autera's criminal conduct (he pleaded guilty and is serving a prison sentence of 4 to 12 years), plaintiffs commenced separate civil actions against Autera for, *inter alia*, assault. In June 1998, each plaintiff entered

a default judgment against Autera in the amount of $250,000. Plaintiffs also filed this action against Autera and his niece, defendant Carol Vellucci, alleging that by transferring certain residential property to Vellucci in July 1997, Autera had made a fraudulent conveyance under Debtor and Creditor Law § 276. Autera's intent, it was alleged, had been to take the property out of his name in order to defraud judgment creditors such as plaintiffs. In June 1998, Supreme Court granted plaintiffs' motion for a default judgment against Autera, severing therefrom their cause of action against Vellucci. Plaintiffs' subsequent motion for summary judgment, in which they sought an order directing Vellucci to reconvey the property to Autera, was denied by Supreme Court. This appeal ensued.

Plaintiffs contend that by his default, Autera effectively admitted the truth of plaintiffs' allegations that his transfer of real estate to Vellucci was a fraudulent conveyance. They argue that Vellucci is bound by this admission, mandating her reconveyance of the property to Autera. We cannot agree.

Plaintiffs' default judgment was entered solely against Autera. It cannot be given collateral estoppel effect against Vellucci in the context of their ongoing action against her as this would preclude Vellucci from litigating the issues on their merits (*see, Holt v Holt,* 262 AD2d 530, 531; *see also, Woodson v Mendon Leasing Corp.,* 259 AD2d 304, 305). Collateral estoppel may only be accorded to litigated judgments, not to default judgments (*see, Pigliavento v Tyler Equip. Corp.,* 233 AD2d 810, 811; *Hudson Riv. Rafting Co. v Niagara Mohawk Power Corp.,* 148 AD2d 856, 857). Supreme Court's order denying plaintiffs' demand for a reconveyance of the real property in question is, accordingly, affirmed.

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.