(August 25, 2003)

■ DORIS BALANTA, Appellant, et al., Plaintiff, v STANLAINE TAXI CORP., Respondent, et al., Defendant. [763 NYS2d 840] —In an action to recover damages for personal injuries, etc., the plaintiff Doris Balanta appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Glover, J.), dated September 4, 2002, as granted the motion of the defendant Stanlaine Taxi Corp. for summary judgment dismissing the complaint insofar as asserted against it by her on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, in effect, as academic, her cross motion for summary judgment on the issue of liability against that defendant.

Ordered that the order is modified, by deleting the provision thereof granting the motion, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the complaint insofar as asserted by the plaintiff Doris Balanta against the defendant Stanlaine Taxi Corp. is reinstated.

A vehicle owned and operated by the appellant collided with a vehicle owned by the defendant Stanlaine Taxi Corp. (hereinafter Stanlaine) and operated by the defendant Ranjit Singh at the intersection of 94th Street and 24th Avenue in Queens. The appellant and her daughter, a passenger in her vehicle, subsequently commenced this action against Stanlaine and Singh. In its answer, Stanlaine asserted a counterclaim against the appellant. Singh defaulted, and a default judgment was granted against him with an assessment of damages to be held at the trial against Stanlaine.

Stanlaine moved for summary judgment dismissing the complaint insofar as asserted against it by the appellant on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The appellant cross-moved for summary judgment on the issue of liability against Stanlaine, contending that liability should be imposed on Stanlaine pursuant to Vehicle and Traffic Law § 388 (1) based on the default judgment obtained against Singh, a permissive user of the vehicle. The Supreme Court granted Stanlaine's motion and, therefore, in effect, denied the appellant's cross motion as academic.

Stanlaine made a prima facie showing that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In opposition, the appellant submitted, among other things, an affidavit from her treating chiropractor which, inter alia, specified the decreased range of motion in her cervical and lumbar spines. He also noted weakness and limited range of motion in her right shoulder. While he did not specify the percentage of loss of range of motion in her shoulder, his finding of restricted range of motion was supported by objective evidence, an MRI which revealed rotator cuff tendonopathy with a focal tear in the supraspinatus region. The chiropractor further stated that the appellant's injuries were permanent and causally related to the motor vehicle accident. The evidence submitted by the appellant was sufficient to raise a triable issue of fact and, consequently, the Supreme Court should have denied Stanlaine's motion (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]).

While the appellant's cross motion for summary judgment on the issue of liability against Stanlaine is no longer academic, it nevertheless was properly denied. The granting of a default judgment against Singh does not preclude Stanlaine from contesting the issue of Singh's negligence (*see Holt v Holt,* 262 AD2d 530 [1999]; *S.D.I. Corp. v Fireman's Fund Ins. Cos.,* 208 AD2d 706 [1994]; *Firedoor Corp. of Am. v Merlin Indus.,* 86 AD2d 577 [1982]; *Frolish v Ryder Truck Rental,* 63 AD2d 799 [1978]; *but see Myung H. Ha v Smith Corp.,* 185 Misc 2d 895 [2000]). Further, contrary to the appellant's contention, Stanlaine demonstrated that there is a triable issue of fact as to whether she contributed to the accident by failing to yield the right-of-way at the intersection in violation of Vehicle and Traffic Law § 1142 (a) (*see Brucaliere v Garlinghouse,* 304 AD2d 782 [2003]; *Batal v Associated Univs.,* 293 AD2d 558 [2002]). Stanlaine's request that we search the record and grant summary judgment on its counterclaim is denied (*see Romano v 202 Corp.,* 305 AD2d 576 [2003]). Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.