[764 NYS2d 708]

SHAMIKA CHAMBERS et al., Respondents, v CITY OF NEW YORK et al., Appellants.

Second Department, September 29, 2003

APPEARANCES OF COUNSEL

*Michael A. Cardozo, Corporation Counsel*, New York City (*Barry P. Schwartz* and *Julie Steiner* of counsel), for appellants.

*David Horowitz, P.C.*, New York City (*Steven J. Horowitz* of counsel), for respondents.

## OPINION OF THE COURT

FRIEDMANN, J.

At issue on the instant appeal is whether a plaintiff who was struck by a vehicle is entitled to summary judgment on the issue of liability against the vehicle's owner after the plaintiff obtains a default judgment against the operator of the vehicle in a separate action. We conclude that the plaintiff is not entitled to summary judgment in these circumstances, and therefore, we reverse the order which granted the plaintiff's motion for summary judgment.

On April 21, 1994, while attempting to cross Murdock Avenue in Queens County, the infant plaintiff, Shamika Chambers (hereinafter the infant plaintiff), allegedly sustained personal injuries when she was struck by a vehicle owned by the defendant City of New York and operated by Kim Hankins. At that time, Hankins was a probationary traffic enforcement agent employed by the New York City Department of Transportation (hereinafter the DOT).

In July 1995 the infant plaintiff's mother, individually and on behalf of the infant plaintiff, commenced the instant action against the City, Hankins, and the Board of Education of the City of New York (hereinafter the Board) to recover damages, inter alia, for the infant plaintiff's personal injuries. Insofar as is relevant to the instant appeal, in their verified complaint, the plaintiffs alleged that at the time of the accident, Hankins was an employee of the DOT and had operated the City's vehicle with the consent and permission of the City. Hankins, however, was never served with the summons and complaint. The City and the Board served an answer to the plaintiffs' complaint but did not serve an answer on behalf of Hankins. As to the plaintiffs' allegation that Hankins had operated the city vehicle with its consent and permission, the City denied knowledge and information sufficient to form a belief with respect to the truth of that allegation.

By order dated January 20, 1999, the plaintiff Patricia Glave was appointed guardian ad litem of the infant plaintiff for the purpose of proceeding with the instant action. By order dated October 10, 2000, the Supreme Court, Queens County, substituted Glave as representative of the infant plaintiff in the instant action and directed her to serve an amended complaint which, inter alia, reflected her representative capacity. The Supreme Court also dismissed the cause of action asserted against Hankins due to lack of personal jurisdiction and directed Glave to omit the claim against Hankins from the amended complaint.

In or about November 2000 the plaintiffs served an amended complaint on the City and the Board in the instant action in accordance with the Supreme Court's order. At or about the same time, the plaintiffs commenced a separate action against Hankins alone to recover damages, inter alia, for the personal injuries which the infant plaintiff allegedly sustained in the same accident. After the Office of the Corporation Counsel denied Hankins' request that it represent her (*see generally* General Municipal Law § 50-k), Hankins failed to interpose an answer in that action. Nor did she challenge the Corporation Counsel's refusal of her request that it represent her in the action.

Subsequently, the plaintiffs moved for leave to enter a default judgment against Hankins and to consolidate the action against her with the instant action. In their partial opposition to the plaintiffs' motion, the City and the Board noted that the Office of the Corporation Counsel did not represent Hankins. Thus, the City took no position with respect to that branch of the plaintiff's motion which was for leave to enter a default judgment against Hankins. Nevertheless, counsel stated that the City did not waive any rights with respect to its defense of the action, particularly as to the plaintiffs' allegation that Hankins was acting in the course and scope of her employment when the subject accident occurred. In his reply affirmation, the plaintiffs' counsel conceded that the issue of whether Hankins was acting in the course and scope of her employment at the time of the accident was not raised in their motion "and should be left for another day to be litigated and/or argued." In an order dated September 10, 2001, the Supreme Court granted the plaintiffs' motion in its entirety.

Thereafter, in January 2002, the plaintiffs moved for summary judgment on the issue of liability against the City. Essentially, they asserted that they were entitled to summary

judgment against the City because the owner of a vehicle is vicariously liable for the negligence of an operator pursuant to Vehicle and Traffic Law § 388. Further, they claimed that the default judgment entered against Hankins was entitled to res judicata and collateral estoppel effect, and therefore, the default judgment entered against Hankins imputed liability to the City.

The City opposed the plaintiffs' motion, arguing that Hankins' default did not collaterally estop it from litigating the issue of its own liability in this case. More specifically, it noted that it had denied the plaintiffs' allegation that Hankins was operating the vehicle with the City's consent and permission, and contended, therefore, that Vehicle and Traffic Law § 388 did not yet automatically impute Hankins' alleged negligence to it.

By order entered April 17, 2002, the Supreme Court granted the plaintiffs' motion for summary judgment on the issue of liability against the City. On appeal by the City and the Board, we dismiss the appeal by the Board, as it is not aggrieved by the order (see CPLR 5511), reverse the order insofar as appealed from by the City, and deny the plaintiffs' motion for summary judgment.

Vehicle and Traffic Law § 388 (1) provides, in relevant part, the following:

> "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner."

The purpose of this section is "to ensure recourse to the vehicle's owner, a financially responsible party," and "to discourage owners from permitting people who are irresponsible or who might engage in unreasonably dangerous activities to use their vehicles" (*Argentina v Emery World Wide Delivery Corp.,* 93 NY2d 554, 562 [1999]; *see Murdza v Zimmerman,* 99 NY2d 375, 379 [2003]; *Fried v Seippel,* 80 NY2d 32, 41 [1992]). Significantly, to impose liability under this section, "[n]egligence in the use of the vehicle must be shown, and that negligence must be a cause of the injury" (*Argentina v Emery World Wide Delivery Corp., supra* at 562).

We reject the plaintiffs' contention that the doctrine of collateral estoppel bars the City from litigating the issue of whether

Hankins was negligent in the instant action. "Collateral estoppel, an equitable doctrine, is based upon the general notion that a party, or one in privity with a party, should not be permitted to relitigate an issue decided against it" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *see Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 152 [1988]; *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 70 [1969]). Two well-settled requirements must be satisfied in order to invoke the doctrine. "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" (*Kaufman v Lilly & Co.*, 65 NY2d 449, 455 [1985]).

The issue of whether a party has had a full and fair opportunity to contest the prior decision "requires consideration of 'the realities of litigation'" (*Staatsburg Water Co. v Staatsburg Fire Dist., supra* at 153 [citations omitted]; *see Buechel v Bain*, 97 NY2d 295 [2001], *cert denied* 535 US 1096 [2002]; *Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261 [1988]), and "the fundamental inquiry is whether relitigation should be permitted in a particular case in light of what are often competing policy considerations, including fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results. No rigid rules are possible, because even these factors may vary in relative importance depending on the nature of the proceedings" (*Staatsburg Water Co. v Staatsburg Fire Dist., supra* at 153).

Because the City was not a party to the action against Hankins, the plaintiffs rely on the fact that they obtained a default judgment against Hankins to preclude the City from litigating the issue of negligence in this action. However, it is well settled that collateral estoppel applies only "to matters 'actually litigated and determined' in a prior action. If the issue has not been litigated, there is no identity of issues between the present action and the prior determination. An issue is not actually litigated if * * * there has been a default" (*Kaufman v Lilly & Co., supra* at 456-457 [citations omitted]; *see Rourke v Travelers Ins. Co.*, 254 AD2d 730, 731 [1998]; *Pigliavento v Tyler Equip. Corp.*, 233 AD2d 810 [1996]). Here, the issue of Hankins' negligence was never actually litigated. Thus, the default judgment against Hankins does not collaterally estop the City from litigating the issue of negligence in the

instant case (*see Holt v Holt,* 262 AD2d 530, 530 [1999] [when a default judgment is taken against fewer than all of the defendants in an action, the action is severed as against the nondefaulting defendants and "[t]he judgment obtained by the plaintiff as against the defaulting defendant is not entitled to collateral estoppel effect against the nondefaulting defendants who would otherwise be denied a full and fair opportunity to litigate issues of liability"]; *Watrous v Autera,* 284 AD2d 792 [2001]; *Woodson v Mendon Leasing Corp.,* 259 AD2d 304 [1999]; *Frolish v Ryder Truck Rental,* 63 AD2d 799 [1978]).

Moreover, to the extent that the plaintiffs claim that the City and Hankins are in privity, this contention is also without merit. "Generally, a nonparty to a prior litigation may be collaterally estopped by a determination in that litigation by having a relationship with a party to the prior litigation such that his own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of, the rights of the party to the prior litigation" (*D'Arata v New York Cent. Mut. Fire Ins. Co., supra* at 664; *see Green v Santa Fe Indus.,* 70 NY2d 244, 253 [1987]). "[T]o establish privity[,] the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding" (*Green v Santa Fe Indus., supra* at 253; *see Buechel v Bain, supra* at 304; *Evergreen Bank v Dashnaw,* 246 AD2d 814, 816 [1998]). However, "[i]n the context of collateral estoppel, privity does not have a single well-defined meaning," and "courts must carefully analyze whether the party sought to be bound and the party against whom the litigated issue was decided have a relationship that would justify preclusion, and whether preclusion, with its severe consequences, would be fair under the particular circumstances" (*Buechel v Bain, supra* at 304-305). Under the facts of this case, we conclude that the City and Hankins are not in privity for collateral estoppel purposes. Here, where the City rejected Hankins' request that it provide representation to her in the separate action against her pursuant to General Municipal Law § 50-k, and that determination was not challenged by Hankins, it would be unfair to preclude the City from litigating the issue of Hankins' negligence. Moreover, "the vicarious liability imposed by [Vehicle and Traffic Law § 388] does not create privity for purposes of collateral estoppel" (*Molino v County of Putnam,* 29 NY2d 44, 50 [1971]; *see Willsey v Strawway,* 44 Misc 2d 601 [1963], *affd* 22 AD2d 973 [1964]; *Martin v Reedy,* 194 AD2d 255, 260 n 1 [1994]).

Additionally, a triable issue of fact exists as to whether Hankins was operating the City-owned vehicle with the consent and permission of the City at the time of the subject accident. Recently, this Court noted that "[a]lthough Vehicle and Traffic Law § 388 creates a strong presumption that the driver of a vehicle is operating it with the owner's consent, which can only be rebutted by substantial evidence * * * the existence of permission and consent normally presents a question of fact for the jury" (*Lancer Ins. Co. v Republic Franklin Ins. Co.,* 304 AD2d 794, 797 [2003]; *see Murdza v Zimmerman, supra* at 380; *New York Cent. Mut. Fire Ins. Co. v Nationwide Mut. Ins. Co.,* 307 AD2d 449 [2003]). In the instant case, where the City challenged from the outset whether Hankins was operating its vehicle with consent and permission, the Supreme Court improperly decided the question as an issue of law, rather than as an issue of fact to be decided by the trier of fact (*see Lewis v Caldwell,* 236 AD2d 896 [1997]; *Lipetz v Palmer,* 216 AD2d 367 [1995]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the appeal by the Board is dismissed, the order is reversed insofar as appealed from by the City, on the law, and the plaintiffs' motion for summary judgment on the issue of liability against the City is denied.

FEUERSTEIN, J.P., LUCIANO and TOWNES, JJ., concur.

Ordered that the appeal by the defendant Board of Education of the City of New York is dismissed (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant City of New York, on the law, and the plaintiffs' motion for summary judgment on the issue of liability against that defendant is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants.