◼ FARAH JEANNOT et al., Plaintiffs, v D&B STEPHENS INSURANCE AGENCY et al., Defendants and Third-Party Plaintiffs-Respondents. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Third-Party Defendant-Appellant. [787 NYS2d 350]—

In an action to recover damages for failure to procure insurance, and a third-party action, inter alia, for a judgment declaring that an insurance policy issued by the third-party defendant, State Farm Mutual Automobile Insurance Co., covered an automobile accident that occurred on October 28, 1999, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered October 7, 2003, as, upon granting the motion of the defendants third-party plaintiffs to dismiss the complaint pursuant to CPLR 3211 (a) (5), and upon giving collateral estoppel effect to an order of the Supreme Court, Westchester County (Friedman, J.H.O.), dated July 24, 2001, in effect, determined that the insurance policy issued by State Farm Mutual Automobile Insurance Co., covered the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the Supreme Court properly, upon granting the motion of the defendants third-party plaintiffs to dismiss the complaint pursuant to CPLR 3211 (a) (5), and, in effect, upon giving collateral estoppel effect to an order of the Supreme Court, Westchester County, dated July 24, 2001, in effect, determined that the appellant's insurance policy covered the subject accident. The complaint alleged that the defendants third-party plaintiffs failed to properly procure insurance coverage from the appellant, and, as a result, the plaintiffs were not covered for an automobile accident that occurred on October 28, 1999. However, the issue of the insurance coverage provided by the appellant to the plaintiffs for that accident was raised in a proceeding in the Supreme Court, Westchester County, entitled *Matter of Progressive N. Ins. Co. v Wilcher,* under Index No. 09022/00. By order dated July 24,

2001, the Supreme Court, after a hearing at which the appellant appeared and at which testimony was taken, determined that there was such coverage. The appellant failed to show why it should be permitted to relitigate that issue in this forum (*see Buechel v Bain,* 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *cf. Chambers v City of New York,* 309 AD2d 81, 84-86 [2003]).

The appellant's remaining contention is without merit. Florio, J.P., Luciano, Schmidt and Rivera, JJ., concur.