In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated December 16, 2011, which denied her motion for summary judgment on the issue of liability against the defendants Empress Ambulance Service, Inc., doing business as Empress Emergency Medical Services, and Christophe Reiland.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs motion which was for summary judgment on the issue of liability against the defendant Christophe Reiland, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
*590 On September 9, 2008, the defendants Christophe Reiland and Marvin Martinez, employees of the defendant Empress Ambulance Service, Inc., doing business as Empress Emergency Medical Services (hereinafter Empress), were dispatched to the home of Rita Esposito (hereinafter the decedent) to provide emergency medical services. During the transport of the decedent to the hospital, Reiland, a paramedic, placed an endotracheal tube into the decedent to help her breathe. Upon arriving at the hospital, the decedent suffered complications, including cardiac arrest, and subsequently died.
The plaintiff, as the administrator of the decedent’s estate, commenced this action, inter alia, to recover damages for wrongful death against Empress, Reiland, and Martinez. The plaintiff alleged that the negligence of Reiland and Martinez resulted in the decedent’s death, and that Empress was vicariously liable for their negligence under the theory of respondeat superior.
During the pendency of the action, Reiland failed to appear for a court-ordered deposition. The Supreme Court granted the plaintiff’s motion to strike Reiland’s answer for failure to comply with a prior order.
Subsequently, the plaintiff moved for summary judgment on the issue of liability against Empress and Reiland on the ground that, since the Supreme Court had stricken Reiland’s answer, thereby establishing his liability, as a consequence, Empress, as Reiland’s employer, was liable pursuant to the doctrine of respondeat superior. The Supreme Court denied the plaintiff’s motion, and the plaintiff appeals.
The Supreme Court should have granted that branch of the plaintiffs motion which was for summary judgment on the issue of liability against Reiland, since Reiland’s answer had been stricken due to his failure to comply with a prior discovery order (cf. Baez v Wurm, 240 AD2d 526, 526 [1997]).
The Supreme Court properly determined that the plaintiff, through the affidavit of her expert medical doctor, established her prima facie entitlement to judgment as a matter of law on the issue of liability against Empress (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Moreover, the Supreme Court properly concluded that, in opposition, Empress raised a triable issue of fact as to whether Reiland properly intubated the decedent and monitored her blood oxygen levels during his care of the decedent, through the affidavit of its own expert (see Alvarez v Prospect Hosp., 68 NY2d at 324). Contrary to the plaintiffs contention, the court correctly rejected the plaintiff’s argument that Empress, as *591 Reiland’s employer, was precluded from contesting its own vicarious liability by raising a triable issue of fact regarding Reiland’s negligence in opposition to the plaintiffs motion on the basis that Reiland’s answer had been stricken (see e.g. Balanta v Stanlaine Taxi Corp., 307 AD2d 1017, 1018 [2003]; Holt v Holt, 262 AD2d 530, 531 [1999]; S.D.I. Corp. v Fireman’s Fund Ins. Cos., 208 AD2d 706, 708 [1994]; see also Cropper v Stewart, 2009 NY Slip Op 30595[U] [Sup Ct, New York County 2009]; compare Trivedi v Golub, 46 AD3d 542, 543 [2007]).
Thus, that branch of the plaintiff’s motion which was for summary judgment on the issue of liability against Empress was properly denied. Mastro, J.E, Lott, Austin and Cohen, JJ., concur.