Progressive Direct Ins. Co. v Riviccio (2021 NY Slip Op 00317)





Progressive Direct Ins. Co. v Riviccio


2021 NY Slip Op 00317


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-03388
 (Index No. 610831/16)

[*1]Progressive Direct Insurance Company, appellant,
v
Alyssa Riviccio, respondent, et al., defendants.


Jennifer S. Adams, Yonkers, NY (Michael A. Zarkower of counsel), for appellant.
Siben & Siben LLP, Bay Shore, NY (Alan G. Faber of counsel), for respondent.



DECISION & ORDER
In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Suffolk County Public Administrator, as administrator of the estate of Daniel J. Hall, and Edmund J. Hall in an underlying action entitled Riviccio v McArdle, commenced in the Supreme Court, Suffolk County, under Index No. 24333/11, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated February 21, 2019. The order denied the plaintiff's motion for summary judgment declaring that it is not obligated to defend or indemnify the defendants Suffolk County Public Administrator, as administrator of the estate of Daniel J. Hall, and Edmund J. Hall in the underlying action.
ORDERED that the order is affirmed, with costs.
The defendant Alyssa Riviccio allegedly sustained personal injuries when a vehicle operated by the defendant Peter McArdle (hereinafter Peter) and owned by the defendant Maureen McArdle struck her, pinning her against a vehicle operated by Daniel J. Hall (hereinafter Daniel) and owned by the defendant Edmund J. Hall (hereinafter Edmund). Riviccio claimed that Peter, who was then her boyfriend, was driving slowly beside her, attempting to convince her to get into his vehicle. Daniel allegedly arrived on the scene "at a high rate of speed" and parked his vehicle in front of Peter's "in such a manner as to prevent [Peter's] vehicle from moving." Daniel allegedly exited his vehicle, which was illegally parked and still running, and began punching Peter through the window of his car. As Riviccio proceeded to walk between the two vehicles, Peter's vehicle allegedly rolled forward, pinning her against the Hall vehicle and causing her to sustain injuries.
Riviccio subsequently commenced a personal injury action entitled Riviccio v McArdle, in the Supreme Court, Suffolk County, under Index No. 24333/11 (hereinafter the underlying action) against, among others, Daniel and Edmund. As relevant to this appeal, Edmund moved for summary judgment dismissing the underlying complaint insofar as asserted against him on the ground that he could not be held vicariously liable for Riviccio's injuries pursuant to Vehicle and Traffic Law § 388(1) because they were not the result of the "use and operation" of the Hall vehicle. The Supreme Court denied Edmund's motion.
At the time of the accident, the Hall vehicle was covered under an automobile insurance policy issued by the plaintiff, Progressive Direct Insurance Company (hereinafter [*2]Progressive). Progressive disclaimed coverage as to Edmund and Daniel on the ground that the accident did not "aris[e] out of the ownership, maintenance, or use" of the Hall vehicle. Progressive commenced this action against, among others, Edmund and the defendant Suffolk County Public Administrator, as administrator of Daniel's estate, seeking a judgment declaring that it is not obligated to defend or indemnify them in the underlying action.
Progressive moved for summary judgment on the complaint, contending that the subject incident was not covered by its policy because the incident did not arise out of the ownership, maintenance, or use of the Hall vehicle. The Supreme Court denied Progressive's motion on the ground that the issue was previously decided in the underlying action and, therefore, Progressive was collaterally estopped from contesting the issue. Progressive appeals. We affirm, albeit on a different ground.
"Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [internal quotation marks omitted]). "The litigant seeking the benefit of collateral estoppel must demonstrate that the decisive issue was necessarily decided in the prior action against a party, or one in privity with a party" (Buechel v Bain, 97 NY2d 295, 304). "Generally, a nonparty to a prior litigation may be collaterally estopped by a determination in that litigation by having a relationship with a party to the prior litigation such that his [or her] own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of, the rights of the party to the prior litigation" (River View at Patchogue, LLC v Hudson Ins. Co., 122 AD3d 824, 825-826 [internal quotation marks omitted]).
We disagree with the Supreme Court's determination that Progressive was collaterally estopped from litigating the issue of whether the accident arose "out of the ownership, maintenance, or use" of the Hall vehicle. Specifically, the order denying Edmund's motion for summary judgment in the underlying action did not necessarily decide that issue (see Buechel v Bain, 97 NY2d at 304).
Nevertheless, Progressive's motion for summary judgment was properly denied as it failed to establish, prima facie, that the accident did not arise out of the ownership, maintenance, or use of the Hall vehicle (see Bouchard v Canadian Pac., 267 AD2d 899, 902). In the absence of the required showing, Progressive's motion should have been denied, without regard to the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court