■ JOSEPH ROURKE, JR., Respondent, v TRAVELERS INSURANCE COMPANY, Appellant. [678 NYS2d 195] —Order unanimously

modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was injured when struck with a beer bottle by defendant's insured during a barroom brawl. Defendant disclaimed coverage on the ground that plaintiff's injuries were the result of an intentional act. Defendant's insured defaulted in the underlying negligence action and, after an inquest, judgment was entered in plaintiff's favor. Plaintiff thereafter commenced this action pursuant to Insurance Law § 3420 to recover on the judgment.

Supreme Court erred in granting plaintiff's motion for summary judgment. Defendant is not estopped from asserting that its insured acted intentionally by virtue of the finding of negligence in the prior action. Because the judgment was entered on default, the issue of negligence was not actually litigated in the prior action, and the finding of negligence therefore has no collateral estoppel effect (*see, Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456-457; *Robbins v Michigan Millers Mut. Ins. Co.*, 236 AD2d 769, 771; *Pigliavento v Tyler Equip. Corp.*, 233 AD2d 810, 810-811).

We reject the contention of defendant that its cross motion for summary judgment dismissing the complaint should have been granted. A triable issue of fact remains concerning the intent of the insured when he swung the bottle (*cf., Salimbene v Merchant's Mut. Ins. Co.*, 217 AD2d 991, 994; *see also, General Acc. Ins. v Packer*, 224 AD2d 975). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner and Boehm, JJ.