■ HANS MAURISCHAT et al., Appellants, v COUNTY OF NASSAU, Respondent. [758 NYS2d 842] —In an action to enjoin the defendant from discharging water onto their property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Segal, J.), dated July 11, 2002, which granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the action was barred by the doctrine of res judicata.

Ordered that the order is reversed, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint on the ground that the action is barred by the doctrine of res judicata is denied, and the complaint is reinstated.

The defendant, County of Nassau, moved for summary judgment dismissing the complaint, inter alia, on the ground of res judicata. Specifically, the County argued that the doctrine barred the plaintiffs' present action because the plaintiffs had previously brought an action against the County which arose from the same series of transactions as the present action. In an attorney's affirmation in support of the motion, the County averred that the plaintiffs' previous action had been settled in 1997. The County did not however, annex documentation concerning that settlement, such as a stipulation of settlement, stipulation of discontinuance, or general release, to its motion papers.

Therefore, it cannot be determined if the settlement and discontinuance of the prior action was on the merits or with prejudice to relitigation of the discontinued claim, or if the parties otherwise intended the settlement and discontinuance to have preclusive effect (*see Troy v Goord,* 300 AD2d 1086 [2002]; *Stuart Realty Co. v Rye Country Store,* 296 AD2d 455 [2002]). Since the County failed to make a prima facie showing of entitlement to judgment as a matter of law, we reverse the order granting that branch of its motion which was for summary judgment dismissing the complaint on the ground that the action is barred by the doctrine of res judicata. S. Miller, J.P., Krausman, Luciano and Mastro, JJ., concur.