■ GREENSTONE/FONTANA CORPORATION, Formerly Known as TOPLINE ADVERTISING, INC., Plaintiff/Counterclaim Defendant-Appellant, v NEIL FELDSTEIN et al., Defendants/Counterclaim Plaintiffs-Respondents. JEANNE FONTANA et al., Additional Counterclaim Defendants-Appellants, et al., Additional Counterclaim Defendants. (Appeal No. 1.) GREENSTONE/FONTANA CORPORATION, Formerly Known as TOPLINE ADVERTISING, INC., Plaintiff/Counterclaim Defendant-Respondent, v NEIL FELDSTEIN, Defendant/Counterclaim Plaintiff-Respondent, and NEIL BUICK CORPORATION et al., Defendants/Counterclaim Plaintiffs-Respondents-Appellants. TOPLINE ADVERTISING, INC., Additional Counterclaim Defendant-Respondent, and JEANNE FONTANA et al., Additional Counterclaim Defendants-Appellants-Respondents. (Appeal No. 2.) GREENSTONE/FONTANA CORPORATION, Formerly Known as TOPLINE ADVERTISING, INC., Counterclaim Defendant-Respondent, v NEIL FELDSTEIN, Defendant/Counterclaim Plaintiff, and NEIL BUICK CORPORATION et al., Defendants/Counterclaim-Plaintiffs-Appellants. TOPLINE ADVERTISING, INC., et al., Additional Counterclaim Defendants-Respondents. (Appeal No. 3.) [901 NYS2d 643]—

In an action, inter alia, to recover damages for breach of contract, (1) the additional counterclaim defendants Jeanne Fontana, Robert Williams, Ron Greenstone, and Rebecca Kopprasch appeal from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered June 30, 2008, as

denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) and (5), respectively, to dismiss the second, third, and fourth counterclaims, and the plaintiff/counterclaim defendant, Greenstone/Fontana Corporation, formerly known as Topline Advertising, Inc., separately appeals from so much of the same order as denied that branch of its motion which was pursuant to CPLR 1003 and 3211 (a) to dismiss the first counterclaim, (2) the additional counterclaim defendants Jeanne Fontana, Robert Williams, Ron Greenstone, and Rebecca Kopprasch appeal from so much of an order of the same court entered December 11, 2008, as, upon reargument, adhered to so much of the determination in the order entered June 30, 2008, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) (5), respectively, to dismiss the third and fourth counterclaims, and the defendants/counterclaim plaintiffs Neil Buick Corporation, Neil Lincoln-Mercury/Hyundai Corporation, Worldwide Automotive, LLC, and Worldwide Automotive III, LLC, cross-appeal from so much of the same order as, upon reargument, in effect, vacated the determination in the order entered June 30, 2008, denying that branch of the motion of the additional counterclaim defendants Jeanne Fontana, Robert Williams, Ron Greenstone, and Rebecca Kopprasch which was to dismiss the second counterclaim, and thereupon granted that branch of the motion, and (3), the defendants/counterclaim plaintiffs Neil Buick Corporation, Neil Lincoln-Mercury/Hyundai Corporation, Worldwide Automotive, LLC, and Worldwide Automotive III, LLC, appeal, as limited by their brief, from so much of an order of the same court entered February 24, 2009, as, upon reargument, in effect, vacated the determination in the order entered June 30, 2008, denying that branch of the motion of the plaintiff/counterclaim defendant Greenstone/Fontana Corporation, formerly known as Topline Advertising, Inc., which was pursuant to CPLR 1003 and 3211 (a) to dismiss the first counterclaim, and thereupon granted that branch of the motion.

Ordered that the appeal by the additional counterclaim defendants Jeanne Fontana, Robert Williams, Ron Greenstone, and Rebecca Kopprasch from so much of the order entered June 30, 2008, as denied that branch of their motion which was to dismiss the second counterclaim is dismissed, as that portion of the order was superseded by so much of the order entered December 11, 2008, as, upon reargument, granted that relief; and it is further,

Ordered that the appeal by the plaintiff/counterclaim defendant Greenstone/Fontana Corporation, formerly known as

Topline Advertising, Inc., is dismissed as abandoned and on the further ground that the portion of the order appealed from by that party was superseded by the order entered February 24, 2009, made upon reargument; and it is further,

Ordered that the appeal by the additional counterclaim defendants Jeanne Fontana, Robert Williams, Ron Greenstone, and Rebecca Kopprasch from so much of the order entered June 30, 2008, as denied those branches of their motion which were to dismiss the third and fourth counterclaims is dismissed, as those portions of the order were superseded by so much of the order entered December 11, 2008, as, upon reargument, adhered to the determination in the order entered June 30, 2008, denying those branches of the motion; and it is further,

Ordered that the order entered December 11, 2008, is reversed insofar as appealed from, on the law, and, upon reargument, so much of the order entered June 30, 2008, as denied those branches of the motion of the additional counterclaim defendants Jeanne Fontana, Robert Williams, Ron Greenstone, and Rebecca Kopprasch which were to dismiss the third and fourth counterclaims is vacated, and those branches of the motion are granted; and it is further,

Ordered that the order entered December 11, 2008, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the order entered February 24, 2009, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the additional counterclaim defendants Jeanne Fontana, Robert Williams, Ron Greenstone, and Rebecca Kopprasch.

From 1988 to 2006 the plaintiff/counterclaim defendant, Greenstone/Fontana Corporation, formerly known as Topline Advertising, Inc. (hereinafter Greenstone), provided advertising services to the defendants/counterclaim plaintiffs Neil Buick Corporation, Neil Lincoln-Mercury/Hyundai Corporation, Worldwide Automotive, LLC, and Worldwide Automotive III, LLC (hereinafter collectively the Dealerships), pursuant to certain contractual agreements. In September 2006 the Dealerships, except for Worldwide Automotive, LLC, commenced an action (hereinafter the prior action) against Greenstone seeking, inter alia, to recover damages for breach of contract and fraud arising from Greenstone's alleged overcharging for its advertising services. In a stipulation, the Dealerships agreed to discontinue the fraud causes of action, with prejudice. The stipulation further provided that the Dealerships would not be prohibited from asserting claims which were based upon misrepresentations which were extraneous to any contract between the parties.

Thereafter, Greenstone commenced this action, inter alia, to recover damages for breach of contract, seeking to recover outstanding fees for the advertising services provided to the Dealerships from 1988 to August 2006. In relevant part, the Dealerships asserted four counterclaims against Greenstone and its principals and/or employees, the additional counterclaim defendants Jeanne Fontana, Robert Williams, Ron Greenstone, and Rebecca Kopprasch (hereinafter collectively the counterclaim defendants). The first counterclaim alleged fraud against Greenstone and the second counterclaim alleged fraud against Jeanne Fontana, Robert Williams, and Ron Greenstone (hereinafter collectively the Principals). The third and fourth counterclaims (hereinafter together the RICO counterclaims) alleged violations of the prohibitions set forth in the Racketeer Influenced and Corrupt Organizations Act (see 18 USC § 1962; hereinafter RICO) by the counterclaim defendants. The counterclaim defendants moved to dismiss the fraud and RICO counterclaims asserted against them pursuant to CPLR 3211 (a) (5) on the ground of res judicata pursuant to the stipulation or, pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Greenstone separately moved, inter alia, to dismiss the first counterclaim alleging fraud against it on the same grounds.

Contrary to the Dealerships' contentions, the fraud counterclaims were properly dismissed. However, they should have been dismissed on the ground of res judicata. A stipulation of discontinuance "with prejudice" is subject to the doctrine of res judicata (see Liberty Assoc. v Etkin, 69 AD3d 681, 682-683 [2010]; Matter of State of New York v Seaport Manor A.C.F., 19 AD3d 609, 610 [2005]; Mosello v First Union Bank, 258 AD2d 631, 632 [1999]; React Serv. v Rindos, 243 AD2d 550, 551 [1997]). "Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Goldstein v Massachusetts Mut. Life Ins. Co., 32 AD3d 821 [2006]; see Matter of Hunter, 4 NY3d 260, 269 [2005]).

In the prior action, pursuant to the terms of the stipulation, the parties agreed to discontinue, with prejudice, the causes of action sounding in fraud. The stipulation further provided that the Dealerships would not be prevented from asserting any cause of action based upon misrepresentations which were "extraneous to any contract that was then being negotiated between the parties or existed previously between the parties." In order to fall within the exception stated in the stipulation, the

fraud counterclaims were required to be based upon misrepresentations that were extraneous to any contract between the parties. Here, the only alleged misrepresentation identified by the Dealerships is the submission to them by Greenstone and the counterclaim defendants of altered billing documents which caused them to be overcharged. However, this alleged misrepresentation is directly related to Greenstone's specific pricing obligations under the parties' agreements, and the calculation of amounts owed by the Dealerships is an essential element of the contractual relationship between the parties through which Greenstone provided services in exchange for fees. Consequently, the alleged misrepresentations based upon the altered billing documents are not sufficiently distinct to be considered collateral or extraneous to the performance of any contract between the parties (*see Kestenbaum v Suroff*, 268 AD2d 560, 561 [2000]; *Rubinberg v Correia Designs*, 262 AD2d 474, 475 [1999]). Therefore, the Supreme Court should have granted those branches of the motion of the counterclaim defendants which were to dismiss the fraud counterclaims on the ground that they were precluded by res judicata pursuant to the stipulation.

For the above reasons, the RICO counterclaims, which incorporate the factual allegations of the fraud counterclaims, were barred by res judicata pursuant to the stipulation. Although the Dealerships did not assert any RICO causes of action in the prior action, a party may not relitigate claims arising from the same transaction or series of transactions, even if based upon new facts or theories of recovery (*see Timoney v Newmark & Co. Real Estate, Inc.*, 36 AD3d 686, 687 [2007]; *Sosa v JP Morgan Chase Bank*, 33 AD3d 609, 611 [2006]; *see also Saud v Bank of N.Y.*, 929 F2d 916, 919-920 [1991]).

In any event, the third RICO counterclaim should have been dismissed on the separate ground that it fails to state a cause of action. In this regard, the Dealerships failed to satisfy the continuity element of a RICO cause of action, as they have not alleged facts to support an inference of a threat of continuing criminal activity (*see H. J. Inc. v Northwestern Bell Telephone Co.*, 492 US 229, 240 [1989]). Moreover, they have only alleged a single scheme, a limited number of perpetrators, and one group of victims, and the alleged predicate acts relate to a contractual relationship between the parties that has terminated (*see Schlaifer Nance & Co. v Estate of Warhol*, 119 F3d 91, 97-98 [1997]; *FD Property Holding Inc. v U.S. Traffic Corp.*, 206 F Supp 2d 362, 372 [2002]; *Bernstein v Misk*, 948 F Supp 228, 238 [1997]). As the fourth RICO counterclaim based upon 18 USC § 1962 (d), and alleging a conspiracy, is dependent upon the

third RICO counterclaim alleging a substantive RICO violation, dismissal of the third RICO counterclaim also necessitates the dismissal of the fourth counterclaim on this alternate ground (*see Crab House of Douglaston, Inc. v Newsday, Inc.*, 418 F Supp 2d 193, 212 [2006]; *Farberware, Inc. v Groben*, 764 F Supp 296, 307 [1991]). Rivera, J.P., Florio, Angiolillo and Belen, JJ., concur. **[Prior Case History: 20 Misc 3d 1118(A), 2008 NY Slip Op 51387(U).]**