■ In the Matter of AUTOONE INSURANCE COMPANY, Respondent, v EDWIN VALENTINE, Respondent, and RUTGERS CASUALTY INSURANCE COMPANY, Appellant, et al., Proposed Additional Respondents. [899 NYS2d 354]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary uninsured motorist benefits, the proposed additional respondent Rutgers Casualty Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Rios, J.), dated January 7, 2009, as granted the petition to the extent that it, in effect, granted leave pursuant to CPLR 401 to join it as an additional respondent, directed a hearing on the issue of coverage under a policy of automobile insurance issued by it to the proposed additional respondent Brainy Jose Rodriguez, and temporarily stayed the arbitration pending the hearing.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted the petition to the extent of directing a hearing is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701; *Matter of Hermitage Ins. Co. v Escobar*, 61 AD3d 869 [2009]; *Matter of Standard Fire Ins. Co. v Mouchette*, 47 AD3d 636 [2008]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2003 the proposed additional respondent Rutgers Casualty Insurance Company (hereinafter Rutgers Casualty) issued a policy of automobile insurance (hereinafter the tortfeasor's policy) to the proposed additional respondent Brainy Jose Rodriguez. On January 3, 2004, the respondent Edwin Valentine was involved in an automobile accident in Queens with a motor vehicle operated by Rodriguez (hereinafter the tortfeasor's vehicle). The petitioner, AutoOne Insurance Company, issued a policy of automobile insurance to Valentine (hereinafter Valentine's policy) covering the vehicle owned and operated by Valentine at the time of the subject accident.

In 2005 Rutgers Casualty commenced an action (hereinafter the Pennsylvania action) in the Court of Common Pleas in Philadelphia, Pennsylvania (hereinafter the Pennsylvania court) against, among others, Rodriguez and Valentine. The petitioner was not a party to the Pennsylvania action. The complaint therein alleged, inter alia, that Rodriguez had fraudulently represented on his application for insurance that he resided in Pennsylvania and that the tortfeasor's vehicle was garaged there. Rutgers Casualty sought to have the tortfeasor's policy declared void ab initio. The complaint also stated in paragraph three thereof that "[a]ll other defendants named herein are so named FOR THE PURPOSE OF NOTICE ONLY," referring to Valentine and all of the defendants other than Rodriguez.

In an order of the Pennsylvania court dated October 6, 2006

(hereinafter the Pennsylvania court order), the court declared the tortfeasor's policy void ab initio upon the default of Rodriguez and granted Rutgers Casualty's request to discontinue the Pennsylvania action insofar as asserted against, among others, Valentine.

Sometime thereafter, the petitioner received an undated application for supplementary uninsured motorist benefits (hereinafter SUM benefits) from Valentine and a demand to arbitrate his claim for SUM benefits. On July 11, 2008, the petitioner commenced this proceeding, inter alia, in effect, pursuant to CPLR 401, for leave to join Rutgers Casualty, the proposed additional respondent Mario Serrano, and Rodriguez, as additional respondents and to stay arbitration of Valentine's claim for SUM benefits pending a hearing on the determination of coverage under the tortfeasor's policy.

Under the doctrine of res judicata, a valid final judgment bars future actions between the same parties on the same cause of action (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *Matter of Reilly v Reid*, 45 NY2d 24, 27 [1978]). As a general rule, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 347). Here, although the petition to stay arbitration of Valentine's claim for SUM benefits arises out of the same automobile accident as did the Pennsylvania action, the Pennsylvania court order on which Rutgers Casualty relies was not a final judgment on the merits which would be entitled to res judicata effect in this proceeding (*see Forte v Kaneka Am. Corp.*, 110 AD2d 81, 85 [1985]).

A voluntary discontinuance ordinarily is not a decision on the merits, and res judicata does not bar a petitioner from maintaining another proceeding for the same claim unless the order of discontinuance recites that the claim was discontinued or settled on the merits (*see Kret v Brookdale Hosp. Med. Ctr.*, 93 AD2d 449, 453 [1983]; *see generally* CPLR 3217 [c]). Here, the discontinuance as to Valentine, the petitioner's insured, did not state that it was granted with prejudice and, thus, does not operate as an adjudication on the merits (*see Forte v Kaneka Am. Corp.*, 110 AD2d at 85; *see generally* CPLR 3217 [c]; *cf. Karniol v Good Move Trucking*, 281 AD2d 287, 287-288 [2001]).

Furthermore, the doctrine of collateral estoppel is not applicable here because the issue of whether the tortfeasor's vehicle was insured at the time of the accident never was litigated and

decided in the Pennsylvania action (*see generally Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71 [1969]). The Pennsylvania court order which determined that the tortfeasor's policy was void ab initio was made on the default of Rodriguez (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456-457 [1985]; *Chambers v City of New York*, 309 AD2d 81 [2003]; *Holt v Holt*, 262 AD2d 530, 530 [1999]; *Rourke v Travelers Ins. Co.*, 254 AD2d 730, 731 [1998]; *Pigliavento v Tyler Equip. Corp.*, 233 AD2d 810, 811 [1996]). Thus, the doctrine of collateral estoppel does not preclude the petitioner from litigating that issue in this proceeding.

Rutgers Casualty's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the petition to the extent that it, in effect, granted leave pursuant to CPLR 401 to join Rutgers Casualty as an additional respondent, directed a hearing on the issue of coverage under the tortfeasor's policy, and temporarily stayed the arbitration pending the hearing. Mastro, J.P., Skelos, Eng and Roman, JJ., concur.