■ HANS MAURISCHAT et al., Respondents, v COUNTY OF NASSAU, Appellant. [916 NYS2d 235]—

In an action, inter alia, to enjoin the defendant from diverting water onto the plaintiffs' property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), entered March 23, 2009, as denied that branch of its motion which was for summary judgment dismissing the complaint on the ground that the action was barred by the doctrine of res judicata.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2001 the plaintiffs commenced this action, inter alia, to enjoin the defendant from diverting water onto their property, which the plaintiffs alleged occurred as a result of the defendant's construction of a culvert running from its drainage pond to another body of water. The defendant moved for summary judgment dismissing the complaint on the ground, among other things, that the action was barred by the doctrine of res judicata since the plaintiffs had commenced a prior action in 1993 against the defendant seeking to recover damages allegedly caused by the defendant's failure to maintain the same drainage pond and culvert. The prior action was settled in 1998. Although the motion was granted by the Supreme Court, this Court reversed due to the defendant's failure to annex the settlement documents to its motion since, without those documents, it could not "be determined if the settlement and discontinuance of the prior action was on the merits or with prejudice to relitigation of the discontinued claim, or if the parties otherwise intended the settlement and discontinuance to have preclusive effect" (*Maurischat v County of Nassau*, 305 AD2d 470, 471 [2003]).

After locating the settlement documents, the defendant moved, inter alia, for summary judgment on res judicata grounds. The Supreme Court denied that branch of the defendant's motion on the ground that since the settlement documents did not state that the prior action was settled "with prejudice," res judicata was inapplicable to bar the second action. " '[U]nder res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action' " (*Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 12 [2008], quoting *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *see Wisell v Indo-Med Commodities, Inc.*, 74 AD3d 1059 [2010]; *Matter of AutoOne Ins. Co. v Valen-*

*tine,* 72 AD3d 953, 955 [2010]; *Pawling Lake Prop. Owners Assn., Inc. v Greiner,* 72 AD3d 665, 667 [2010]; *99 Cents Concepts, Inc. v Queens Broadway, LLC,* 70 AD3d 656, 658 [2010]). "A voluntary discontinuance ordinarily is not a decision on the merits, and res judicata does not bar a [plaintiff] from maintaining another proceeding for the same claim unless the order of discontinuance recites that the claim was discontinued or settled on the merits" (*Matter of AutoOne Ins. Co. v Valentine,* 72 AD3d at 955). Thus, a stipulation to discontinue an action without prejudice is not subject to the doctrine of res judicata (*see Landau, P.C. v LaRossa, Mitchell & Ross,* 11 NY3d at 12; *Matter of AutoOne Ins. Co. v Valentine,* 72 AD3d 953 [2010]; *see also 99 Cents Concepts, Inc. v Queens Broadway, LLC,* 70 AD3d at 658; *cf. Greenstone/Fontana Corp. v Feldstein,* 72 AD3d 890, 893 [2010]; *Pawling Lake Prop. Owners Assn., Inc. v Greiner,* 72 AD3d at 667; *Liberty Assoc. v Etkin,* 69 AD3d 681, 682-683 [2010]).

Here, the Supreme Court properly found that the doctrine of res judicata did not bar this action since the stipulation discontinuing the plaintiffs' prior action against the defendant, commenced in 1993, was not with prejudice (*see Matter of AutoOne Ins. Co. v Valentine,* 72 AD3d at 955; *North Shore-Long Is. Jewish Health Sys., Inc. v Aetna US Healthcare, Inc.,* 27 AD3d 439, 440 [2006]; *Southampton Acres Homeowners Assn. v Riddle,* 299 AD2d 334, 335 [2002]; *Van Hof v Town of Warwick,* 249 AD2d 382, 382 [1998]; *Forte v Kaneka Am. Corp.,* 110 AD2d 81, 85 [1985]; *see generally* CPLR 3217 [c]).

The defendant's contention that the general release was intended to prevent the litigation of any claim that might have arisen out of the construction of its culvert is improperly raised for the first time before this Court (*see Matter of Castillo v Town of Oyster Bay,* 70 AD3d 939 [2010]; *Matter of Panetta v Carroll,* 62 AD3d 1010 [2009]).

Moreover, the Supreme Court properly declined to consider the defendant's contention that there is no municipal liability for negligent design of a drainage system, as it was improperly raised for the first time in the defendant's reply affirmation (*see Matter of Ball v New York State Dept. of Envtl. Conservation,* 35 AD3d 732, 733-734 [2006]; *Matter of Forest Riv., Inc. v Stewart,* 34 AD3d 474, 475 [2006]). Skelos, J.P., Balkin, Eng and Austin, JJ., concur. **[Prior Case History: 2009 NY Slip Op 30684(U).]**