■ ADOLFO CLERICO et al., Appellants, v MARTIN A. POLLACK et al., Respondents, et al., Defendants. [48 NYS3d 738]—

In an action, inter alia, to recover damages for breach of fiduciary duty, legal malpractice, and fraud, the plaintiffs appeal from an order of the Supreme Court, Queens County (Nahman, J.), dated October 14, 2015, which denied their motion pursuant to CPLR 4404 (b) to set aside a decision and order of the same court dated May 20, 2015, made after a nonjury trial on the issue of res judicata, which directed the dismissal of the complaint as barred by the doctrine of res judicata.

Ordered that the order dated October 14, 2015, is reversed, on the law, with one bill of costs payable by the respondents appearing separately, the plaintiffs' motion pursuant to CPLR 4404 (b) to set aside the decision and order dated May 20, 2015, is granted, and the matter is remitted to the Supreme Court, Queens County, for a trial on the merits in accordance herewith.

In 2008, the plaintiffs commenced an action (hereinafter the 2008 action) against the defendants Martin A. Pollack, Jack I. Slepian, Pollack & Slepian, LLP, Ines Gassmann, and Michele Damato (hereinafter collectively the defendants). In that action, the plaintiffs alleged that in December 2007, Pollack & Slepian, LLP (hereinafter the defendant law firm) represented them as sellers in a real estate transaction. The plaintiffs al-

leged that the proceeds of the transaction were to be disbursed between themselves, Gassmann, and Damato pursuant to the terms of a contract dated August 29, 2007. They alleged that the sale of the property closed on December 20, 2007, but that the defendants, inter alia, breached the contract by failing to properly disburse to them their share of the proceeds of the sale. In February 2011, the plaintiffs and the defendants settled the 2008 action, and the plaintiffs executed a release which, for certain consideration, released the defendants from any and all claims "that are the subject of [the 2008 action]."

In June 2011, the plaintiffs commenced the instant action against the defendants, among others. They asserted, inter alia, causes of action to recover damages for legal malpractice and breach of fiduciary duty against Pollack, Slepian, and the defendant law firm, and fraud against all of the defendants. They alleged that the purchaser of the subject property at the 2007 closing, Tatiana Bell Corp., had been formed by the defendant law firm "for the purpose of buying the premises at a lower price and selling it on the same day for more money." They alleged that, within an hour of their sale of the subject property to Tatiana Bell Corp., the property had been resold to another purchaser for more money. They asserted that the defendants had fraudulently concealed the existence and terms of the second transaction, thereby depriving them of the opportunity to recover their shares of the proceeds from that second transaction.

Following a nonjury trial on the issue of whether the instant action was barred by the doctrine of res judicata, the Supreme Court determined, in a decision and order dated May 20, 2015, that the instant action was so barred, and directed dismissal of the complaint. Thereafter, the plaintiffs moved pursuant to CPLR 4404 (b) to set aside the court's decision and order. The court denied the motion, and the plaintiffs appeal.

" 'Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding' " (*Bayer v City of New York*, 115 AD3d 897, 898 [2014], quoting *Abraham v Hermitage Ins. Co.*, 47 AD3d 855, 855 [2008]). "Pursuant to the doctrine of res judicata, a valid final judgment, or a stipulation of settlement withdrawing a cause of action 'with prejudice,' bars future actions between the same parties on the same cause of action" (*Matter of Chiantella v Vishnick*, 84 AD3d 797, 798 [2011] [citations omitted]; *see*

CPLR 3217 [a] [2]; *North Shore-Long Is. Jewish Health Sys., Inc. v Aetna US Healthcare, Inc.*, 27 AD3d 439, 440 [2006]; *Matter of State of New York v Seaport Manor A.C.F.*, 19 AD3d 609, 610 [2005]).

Here, the Supreme Court erred when it determined that the instant action was barred by the doctrine of res judicata. At trial, the defendants did not proffer a stipulation of settlement or discontinuance showing that the plaintiffs withdrew the causes of action in the 2008 action "with prejudice" (*see Maurischat v County of Nassau*, 81 AD3d 793, 794 [2011]; *Maurischat v County of Nassau*, 305 AD2d 470, 471 [2003]). An action is not automatically terminated with prejudice merely because the parties reached a settlement (*see Teitelbaum Holdings v Gold*, 48 NY2d 51 [1979]; *Incorporated Vil. of Hewlett Harbor v Bouzalglo*, 131 AD3d 512, 513 [2015]; *Salvador v Town of Lake George Zoning Bd.*, 130 AD3d 1334, 1335 [2015]).

"Generally, a valid release constitutes a complete bar to an action on a claim that is the subject of the release" (*Nucci v Nucci*, 118 AD3d 762, 763 [2014]). " 'However, a release may not be read to cover matters which the parties did not intend to cover' " (*id.* at 763, quoting *Desiderio v Geico Gen. Ins. Co.*, 107 AD3d 662, 663 [2013]). "[I]ts meaning and coverage necessarily depend, as in the case of contracts generally, upon the controversy being settled and upon the purpose for which the release was actually given" (*Cahill v Regan*, 5 NY2d 292, 299 [1959]; *see Matter of Mercer*, 141 AD3d 594, 597 [2016]). Here, as the plaintiffs correctly contend, the subject release only covered the causes of action alleged in the plaintiffs' 2008 complaint, which sought to recover sums allegedly owed in the first sale of the property, and did not encompass the causes of action set forth in the instant action, which seek, inter alia, to recover sums resulting from a second sale of the property by Tatiana Bell Corp.

Accordingly, the Supreme Court should have granted the plaintiffs' motion pursuant to CPLR 4404 (b) to set aside the decision and order dated May 20, 2015, which directed the dismissal of the action based upon the doctrine of res judicata. The matter must be remitted to the Supreme Court, Queens County, for a trial on the merits of the plaintiffs' claims. Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.