Owens v Tompkins Bank of Castile (2019 NY Slip Op 02253)





Owens v Tompkins Bank of Castile


2019 NY Slip Op 02253


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1462 CA 18-00506

[*1]EARL OWENS AND LORRAINE OWENS, PLAINTIFFS-APPELLANTS,
v
TOMPKINS BANK OF CASTILE AND/OR TOMPKINS FINANCIAL CORPORATION, DEFENDANTS-RESPONDENTS. 






WELCH, DONLON & CZARPLES PLLC, CORNING (MEGAN COLLINS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
DAVIDSON FINK LLP, ROCHESTER (DAVID L. RASMUSSEN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered January 8, 2018. The order, among other things, granted defendants' motion for summary judgment on their counterclaim for attorneys' fees. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs appeal from an order that granted defendants' motion for summary judgment on their counterclaim for attorneys' fees and awarded defendants $20,564.72. Those expenses were incurred by defendants when enforcing their rights as mortgagee on property owned by plaintiffs by moving to intervene in two separate courses of litigation involving that property. After defendants' motions to intervene were denied upon stipulation of the parties, plaintiffs commenced this action seeking damages upon allegations that defendants, inter alia, breached their loan agreements with plaintiffs by making unfounded claims for attorneys' fees.
Plaintiffs contend that defendants' claim for attorneys' fees is barred by res judicata because the stipulated orders denying the motions to intervene did not award such fees. We reject that contention. " [U]nder res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action' " (Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 12 [2008], quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]). "A voluntary discontinuance ordinarily is not a decision on the merits, and res judicata does not bar a [party] from maintaining another proceeding for the same claim unless the order of discontinuance recites that the claim was discontinued or settled on the merits" (Matter of AutoOne Ins. Co. v Valentine, 72 AD3d 953, 955 [2d Dept 2010]). "Thus, a stipulation to discontinue an action without prejudice is not subject to the doctrine of res judicata" (Maurischat v County of Nassau, 81 AD3d 793, 794 [2d Dept 2011]). Here, the doctrine of res judicata did not bar defendants from asserting a counterclaim seeking to recover attorneys' fees inasmuch as the stipulated orders denying defendants' motions to intervene were not determined on the merits, and were not entered with prejudice.
We also reject plaintiffs' contention that, because the stipulated orders do not expressly reserve defendants' right to attorneys' fees, that claim is waived. A claim to attorneys' fees may be waived where parties enter into a settlement agreement that is " deemed to resolve all issues between' " them (Gaisi v Gaisi, 48 AD3d 744, 744 [2d Dept 2008]). In such cases, where " there [i]s no express reservation of rights with respect to the derivative issue of attorneys' fees, it must be deemed to have been waived and subsumed in the negotiated settlement' " (id. at 745). [*2]The stipulated orders here, however, do not purport to resolve any dispute except the motions to intervene. Rather, the stipulated orders provide that the parties agreed that defendants have a security interest in the proceeds of the underlying litigation regarding plaintiffs' property, and the orders do not have any provisions limiting the value or scope of defendants' claim for attorneys' fees.
Finally, we reject plaintiffs' contention that the award of attorneys' fees is unreasonable and unjustified. "Under the general rule in New York, attorneys' fees are deemed incidental to litigation and may not be recovered unless supported by statute, court rule or written agreement of the parties" (Flemming v Barnwell Nursing Home & Health Facilities, Inc., 15 NY3d 375, 379 [2010], citing Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). Here, it is undisputed that plaintiffs agreed in the loan documents to pay defendants' reasonable fees and costs in connection with enforcing their rights under those agreements. "[I]t is well settled that a trial court is in the best position to determine those factors integral to fixing [attorneys'] fees . . . and, absent an abuse of discretion, the trial court's determination will not be disturbed" (Pelc v Berg, 68 AD3d 1672, 1673 [4th Dept 2009] [internal quotation marks omitted]). Upon our review of the record, we conclude that Supreme Court did not abuse its discretion in fixing the award.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court