Kleinman v Weisman Law Group, P.C. (2019 NY Slip Op 07573)





Kleinman v Weisman Law Group, P.C.


2019 NY Slip Op 07573


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-04617
 (Index No. 2003/16)

[*1]Joseph Kleinman, appellant, 
v
Weisman Law Group, P.C., et al., respondents.


Levi Huebner & Associates, P.C., Brooklyn, NY, for appellant.
Weisman Law Group P.C., Cedarhurst, NY (Rachel J.B. Weisman and Elliot Blumenthal of counsel), respondents pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated February 6, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2013, the defendant Weisman Law Group, P.C. (hereinafter the defendant firm), commenced an action against the plaintiff to recover unpaid legal fees in the Nassau County District Court. The plaintiff asserted a counterclaim, alleging that he was overbilled by the defendant firm. A judgment was entered in favor of the defendant firm and against the plaintiff. The plaintiff appealed the judgment of the Nassau County District Court to the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, which affirmed the judgment (see Weisman Law Group, P.C. v Kleinman, 60 Misc 3d 133[A], 2018 NY Slip Op 51042[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). In 2016, the plaintiff commenced the instant action against the defendants asserting causes of action alleging, inter alia, breach of contract and legal malpractice.
The plaintiff contends that the doctrines of res judicata and collateral estoppel do not apply in the instant case, as the Nassau County District Court lacked subject matter jurisdiction over his counterclaim in the prior action. Contrary to the plaintiff's contention, the Nassau County District Court did have jurisdiction over his counterclaim pursuant to Uniform District Court Act § 208(b), as the counterclaim was for money only. The doctrine of res judicata precludes the plaintiff from litigating the claims set forth in his complaint, as a judgment on the merits exists in the prior action between the same parties involving the same subject matter (see Matter of Josey v Goord, 9 NY3d 386, 389; Matter of Hunter, 4 NY3d 260, 269). New York has adopted the transactional analysis approach to res judicata, so that once a claim is brought to a final conclusion, all other claims between the same parties or those in privity with them arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy (see Matter of Josey v Goord, 9 NY3d at 389-390; Matter of Hunter, 4 NY3d at 269; O'Brien v City of Syracuse, 54 NY2d 353, 357; Greenstone/Fontana Corp. v Feldstein, 72 AD3d 890, 893).
Furthermore, the plaintiff's causes of action are barred by the doctrine of collateral estoppel, which precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same (see Ryan v New York Tel. Co., 62 NY2d 494, 500; Williams v New York City Tr. Auth., 171 AD3d 990). The doctrine of collateral estoppel applies here, as the issues in both actions are identical, the issue in the prior action was actually litigated and decided, there was a full and fair opportunity to litigate the action, the issue previously litigated was necessary to support a valid and final judgment on the merits, and the defendant Rachel J. Weisman was in privity with the defendant firm (see Conason v Megan Holding, LLC, 25 NY3d 1, 17; Williams v New York City Tr. Auth., 171 AD3d at 991-992; Karimian v Time Equities, Inc., 164 AD3d 486).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint.
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court