Melrose Credit Union v Canizares (2021 NY Slip Op 04128)





Melrose Credit Union v Canizares


2021 NY Slip Op 04128


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2019-04758
 (Index No. 605113/18)

[*1]Melrose Credit Union, respondent,
v
Luis A. Canizares, appellant.


The Law Office of J.A. Sanchez-Dorta, P.C., New York, NY, for appellant.
Jaspan Schlesinger LLP, Garden City, NY (Christopher D. Palmieri and Victoria R. Gionesi of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover on a promissory note, the defendant appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered January 9, 2019. The order, insofar as appealed from, granted the defendant's cross motion for leave to interpose a late answer only to the extent of permitting the filing and service of an answer that excludes the proposed affirmative defenses and counterclaims sounding in racketeering and conspiracy to commit racketeering.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover on a promissory note, alleging that the defendant defaulted on his payments under the note. Upon the defendant's failure to answer the complaint, the plaintiff moved for leave to enter a default judgment. The defendant subsequently appeared in the action, opposed the plaintiff's motion, and cross-moved for leave to interpose a late answer. The defendant's proposed late answer stated, as a fifth affirmative defense and third counterclaim, the plaintiff's alleged violation of section 1962(c) of the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 et seq.; hereinafter RICO), and, as a sixth affirmative defense and fourth counterclaim, the plaintiff's alleged participation in a conspiracy to commit a RICO violation (18 USC § 1962[d]).
In an order entered January 9, 2019, the Supreme Court, inter alia, granted the defendant's cross motion to the extent of permitting the filing and service of an answer, within 60 days, but directed that the answer was not to include the proposed affirmative defenses and counterclaims sounding in racketeering and conspiracy to commit racketeering, finding that those claims were insufficiently pleaded. The defendant appeals.
A court may extend the time to appear or plead, or compel the acceptance of an untimely pleading, "upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012[d]). The defendant contends, in effect, that the Supreme Court erred in precluding the subject affirmative defenses and counterclaims because the proposed answer sufficiently pleaded the elements of racketeering or conspiracy to commit racketeering.
The "elements constituting a RICO claim must be pleaded with particularity" (Fekety v Gruntal & Co., 191 AD2d 370, 370-371 [citation omitted]; see Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d 680, 685). Here, the defendant's proposed counterclaims and affirmative defenses consisted of conclusory allegations that established neither the existence of a RICO enterprise (see 18 USC § 1961[4]), nor "at least two acts of racketeering activity" within a 10-year period so as to establish a pattern of racketeering activity (id. § 1961[5]; see Simpson Elec. Corp. v Leucadia, Inc., 72 NY2d 450, 461; Greenstone/Fontana Corp. v Feldstein, 72 AD3d 890, 894; Becher v Feller, 64 AD3d 672, 677).
The defendant's failure to plead a RICO violation pursuant to 18 USC § 1962(c) warrants the conclusion that he also failed to plead a conspiracy to commit a RICO violation pursuant to 18 USC § 1962(d) (see Daskal v Tyrnauer, 123 AD3d 652; Greenstone/Fontana Corp. v Feldstein, 72 AD3d at 894).
Accordingly, we affirm the order insofar as appealed from.
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court